UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEMAJIO J. ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02841-TWP-TAB |
| | ) | |
| VIKKI Nurse, | ) | |
| HOLMES Sergeant, | ) | |
| POOR Officer, | ) | |
| PAINTER Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Case Without Prejudice and Directing Further Proceedings**

Demajio Ellis, at all relevant times an inmate incarcerated at Pendleton Correctional Facility ("Pendleton"), filed this civil rights action on November 11, 2021, alleging that on December 18, 2019, defendants Nurse Vikki, Sergeant Holmes, Officer Poor, and Officer Painter were deliberately indifferent to his serious medical needs when he suffered from a fainting episode. Because this claim should have been brought in a different case, the Court **dismisses** this action without prejudice. The Court also warns Mr. Ellis that if he files any additional lawsuits concerning fainting episodes at Pendleton that should proceed as allegations supporting an existing lawsuit, the new case will be dismissed with prejudice and count as a strike under 28 U.S.C. 1915(g).

**A. Background**

Mr. Ellis alleges that while he was at Pendleton, nurses or correctional officers were deliberately indifferent to his serious medical needs by ignoring his complaints of passing out in his cell and experiencing irregular heartbeats, chest pains, and shortness of breath. Mr. Ellis has filed multiple lawsuits with this claim; each suit describes a fainting episode on a particular date.

In light of the common questions of law or fact, on October 19, 2021, this Court consolidated eight of those cases into one case—*Ellis v. Clark*, 1:21-cv-02383-JMS-DML—and instructed Mr. Ellis to file an amended complaint that included all defendants, claims, and factual allegations related to his fainting episodes at Pendleton that he wished to pursue. *See* 1:21-cv-02383-JMS-DML at dkt. 15.

On October 28, Mr. Ellis filed six new civil rights actions, including five about fainting episodes. On November 8, the Court dismissed those cases without prejudice, advising Mr. Ellis to include the claims in his amended complaint in cause 1:21-cv-02383-JMS-DML and warning him that any additional fainting-related cases from his incarceration at Pendleton would be dismissed with prejudice as malicious. *See, e.g. Ellis v. Amber, et al.*, 1:21-cv-02751-JMS-DML, dkt. 7 at 3.

**B. Discussion**

Mr. Ellis has been advised that he should amend his complaint in *Ellis v. Clark*, 1:21-cv-02383-JMS-DML, to include all allegations related to this particular medical claim, yet he has continued to file new cases with fainting allegations. Because Mr. Ellis is incarcerated, this Court must screen his complaint and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Seventh Circuit has interpreted "malicious" to mean, "intended to harass." *Nije v. Yurkovich*, 720 F. App'x 786, 789 (7th Cir. 2018) (citing *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003)). By clogging the Court's docket with additional fainting-related cases—and doing so in direct contradiction of the Court's order—Mr. Ellis' behavior could be considered harassing.

Mr. Ellis signed the current complaint on November 4, 2021, four days before the Court closed five of his fainting cases and warned him against filing additional fainting-related cases.

Accordingly, like those five cases, this case will be **dismissed without prejudice**. Mr. Ellis may include the allegations in this complaint in his amended complaint in *Ellis v. Clark*, 1:21-cv-02383-JMS-DML. But this Court warns Mr. Ellis again that he may not file any new cases with allegations about fainting episodes during his incarceration at Pendleton.[1] Any new action with this type of claim will be dismissed with prejudice as malicious and will constitute a strike. Upon the receipt of three total strikes, Mr. Ellis will not be permitted to proceed *in forma pauperis* in future litigation unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

### C. Conclusion

This case is dismissed without prejudice for the foregoing reasons. Mr. Ellis is instructed to include any allegation related to a fainting episode at Pendleton in his amended complaint in *Ellis v. Clark*, 1:21-cv-02383-JMS-DML.

**IT IS SO ORDERED.**

Date:  11/18/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEMAJIO J. ELLIS
166596
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

---

[1] Mr. Ellis was transferred to New Castle Correctional Facility in February 2021. *See Ellis v. Talbot*, 1:19-cv-4570-JPH-DLP, docket 79 (notice of change of address, signed February 12, 2021). This filing limitation only applies to claims about fainting episodes that occurred at Pendleton.